IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RONALD L. LAGRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION ) | |
| as Trustee for BNC Mortgage Loan Trust ) | Civil Action No. 3:14-cv-809-HEH |
| 2007-1, Mortgage Pass Through ) | |
| Certificate Series 2007-1, ) | |
| ) | |
| NECTAR PROJECTS, INC., and ) | |
| ) | |
| JOHN AND JANE DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Defendant U.S. Bank's Motion to Dismiss)

Ronald L. LaGrant, a plaintiff proceeding *pro se*, filed suit seeking various forms of relief in connection with the alleged wrongful foreclosure of his home in 2012. The matter is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant U.S. Bank National Association, as Trustee for BNC Mortgage Loan Trust 2007-1, Mortgage Pass Through Certificates, Series 2007-1 ("U.S. Bank"). For the reasons stated herein, the Motion to Dismiss will be granted in part. Plaintiff's state law claims will be remanded to the Circuit Court of Chesterfield County, Virginia, as this Court lacks original jurisdiction over such claims and the Court declines to exercise supplemental jurisdiction over those claims.

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Viewed through this lens, the facts are as follows.

On approximately, December 14, 2006, Ronald L. LaGrant ("LaGrant") refinanced his home with Americor Lending ("Americor" or the "Lender"), secured by a promissory note (the "Note") and Deed of Trust. (Compl. ¶¶ 4, 7.) LaGrant describes his loan as subprime and complains of various predatory elements, including a three-year prepayment penalty, shifting interest rates and monthly payments, and a negative amortization feature. (*Id.* at ¶¶ 4, 6.) LaGrant claims that Americor disregarded his ability to repay the loan, and induced him into making the loan through fraud, deceit, and misrepresentation. (*Id.* at ¶¶ 6, 16.) He also claims that Americor overlooked federal guidelines regarding subprime lending, as well as federal and Virginia state statutes regarding disclosures to the borrower. (*Id.* at ¶¶ 6, 8.) In particular, LaGrant alleges that he never received the "Right to Cancel" disclosure required by the Truth in Lending Act ("TILA"), nor did he ever receive a copy of the Note or "closing package." (*Id.*)

Although it appears LaGrant's loan was conveyed multiple times, as applicable here, his Note and Deed of Trust were subsequently transferred and assigned to BNC Mortgage Loan Trust 2007-1, Mortgage Pass Through Certificates, Series 2007-1 for which U.S. Bank serves as Trustee. (*Id.* at ¶¶ 10-13, 16.) Ocwen Loan Servicing, LLC

("Ocwen") became the servicer of LaGrant's loan. (*Id.*) Ocwen also served as attorney-in-fact for U.S. Bank and appointed Nectar Projects, LLC ("Nectar") as substitute trustee on July 12, 2012. (*Id.* at ¶¶ 23, 28, Ex. 6.)[1] LaGrant, however, claims that Nectar's appointment was a nullity, as the Lender failed to provide him with proper notice, and because the signature on the Substitution of Trustee document "appears fake." (*Id.* at ¶¶ 23–24, 28.) Thereafter, Nectar foreclosed on LaGrant's home, and U.S. Bank purchased the property at a foreclosure sale. (*Id.* at ¶ 29.) LaGrant claims that U.S. Bank wrongfully obtained its deed to his home by fraudulently appointing Nectar as the substitute trustee to conduct the foreclosure. (*Id.* at ¶¶ 29, 31.)

On approximately November 7, 2014[2], LaGrant filed his Complaint in the Circuit Court of Chesterfield County, Virginia, seeking various forms of relief from a number of parties—some named in the suit and some not. The named Defendants include U.S. Bank, Nectar, and "John and Jane Does 1-10." To the extent that LaGrant seeks relief from any party other than those named in the Complaint, the Court has no authority to grant relief against parties not before this Court. This Court has carefully reviewed Plaintiff's requests for relief against the named defendants, and construes his Complaint as asserting the following claims: (1) a permanent injunction preventing U.S. Bank from taking possession of the property; (2) common law breach of contract, based on U.S. Bank's alleged breach of the Deed of Trust; (3) equitable relief to set aside the

---

[1] Although Plaintiff alleges in Paragraph 23 of his Complaint that the lender failed to appoint Nectar as the substitute trustee, he filed in state court what he marked Exhibit 6, which is an executed Substitution of Trustee recorded in the Chesterfield County, Virginia land records on July 27, 2012.
[2] It appears LaGrant filed his Complaint at the same time he filed a Motion for Temporary Injunction, seeking to maintain possession of his home. The state court declined to issue the injunction.

3

foreclosure sale based on alleged fraud; (4) common law fraud; (5) rescission and money damages under TILA, 15 U.S.C. §§ 1601, *et seq.* based on inadequate disclosures; (6) money damages under Section 2605 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, for failing to respond to Plaintiff's qualified written request; (7) common law intentional misrepresentation; (8) common law negligent misrepresentation; and (9) common law negligence.

U.S. Bank removed LaGrant's case to this Court on December 1, 2014 (ECF No. 1), and filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure with the appropriate Roseboro Notice to the plaintiff on December 8, 2014 (ECF Nos. 3, 3-1). *See* E.D. Va. Loc. Civ. R. 7(K); *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). U.S. Bank filed an Addendum to the Motion to Dismiss on January 21, 2015, to provide the Court with copies of the exhibits to Plaintiff's Complaint to which U.S. Bank made reference in its motion. (ECF No. 5.) As of the date of this Memorandum Opinion, LaGrant has failed to file a response, has not requested additional time in which to do so, and has not otherwise indicated any interest in opposing U.S. Bank's Motion to Dismiss. This Court, nevertheless, is obligated to ensure that dismissal is proper even when a motion to dismiss is unopposed. *See Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

This Court is also obligated to consider whether it has subject matter jurisdiction before turning to the merits of a case. Because removal raises significant federalism concerns, this Court must strictly construe removal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful,

remand to state court is appropriate. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

## II. SUBJECT MATTER JURISDICTION

U.S. Bank removed this matter, alleging the existence of federal question jurisdiction under 28 U.S.C. § 1331, based on Plaintiff's claims under TILA and RESPA. Consequently, U.S. Bank asserts that this Court may exercise supplemental jurisdiction over LaGrant's state law claims under 28 U.S.C. § 1367 because those claims arose from issues common to the TILA and RESPA claims.

Alternatively, as to the remaining claims, U.S. Bank asserts the existence of jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship, as the amount in controversy exceeds the $75,000 threshold. It also maintains that Plaintiff is a citizen of Virginia, U.S. Bank is a citizen of Ohio, and although Nectar is a citizen of Virginia, its citizenship should be disregarded because Nectar is merely a nominal defendant and/or has been fraudulently joined. (*Id.* at ¶¶ 9–11.) Based on its assertion that Nectar is improperly joined, U.S. Bank argues that Nectar's consent to removal is unnecessary. (*Id.* at ¶ 16.)

### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Supreme Court has recognized federal question jurisdiction under Section 1331 in a variety of cases, including, as is the case here, when "federal law creates the cause of

5

action." *Verizon Md., Inc. v. Global Naps*, 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

RESPA provides that any action brought pursuant to the provisions of Section 2605 of RESPA may be brought in the United States district court for the district in which the property itself is located. 12 U.S.C. § 2614. LaGrant's property is located in Chesterfield County, Virginia, which is within the jurisdiction of this Court. (Compl. 2.) As such, LaGrant's RESPA claim could have originated in this Court. Likewise, LaGrant's TILA claim could have also been initiated in this Court, as 15 U.S.C. § 1640(e) provides that any claim brought pursuant to TILA may be filed in any United States district court.

Accordingly, U.S. Bank correctly asserts that this Court has federal question jurisdiction over LaGrant's claims under TILA and RESPA. Moreover, Nectar's consent to removal of the federal claims is not required, as "[o]nly defendants against whom a [federal] claim . . . has been asserted are required to join in or consent to removal." 28 U.S.C. § 1441(c)(2). LaGrant's TILA and RESPA claims seek recovery from only U.S. Bank.[3] The Complaint makes no substantive TILA or RESPA allegations against Nectar.

B.  **Diversity Jurisdiction**

This Court also properly has "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Diversity must be complete "such that the state of citizenship of each plaintiff must be

---

[3] LaGrant's Complaint prays for recovery from Ocwen under TILA and RESPA. As previously noted, however, this Court cannot grant Plaintiff relief against parties not before the Court, and Ocwen is not a party-defendant.

6

different from that of each defendant" at the time an action commences. *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). The Court is satisfied that the value of the property at issue exceeds $75,000. In any event, Plaintiff's requested monetary relief exceeds the threshold. As noted above, Plaintiff is a citizen of Virginia, U.S. Bank is a citizen of Ohio, and Nectar is citizen of Virginia. Thus, complete diversity does not exist because LaGrant and Nectar are both citizens of Virginia. Nevertheless, U.S. Bank argues that Nectar's consent to removal is unnecessary and its citizenship should be disregarded because Nectar, as the substitute trustee, is merely a nominal defendant or has been fraudulently joined.

1. Fraudulent Joinder

"The fraudulent joinder doctrine provides an exception to the complete diversity requirement." *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574, 578 (4th Cir. 2013). The term "fraudulent joinder" is, in many ways, a misnomer. It is more accurately characterized as "a term of art, [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). "The removing party must establish that there is no possibility the plaintiff could establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. A claim need not succeed to defeat removal; only a possibility of a right need be asserted." *Sherman v.*

*Litton Loan Servicing, L.P.*, 796 F. Supp. 2d 753, 759 (E.D. Va. July 1, 2011) (citations omitted).

U.S. Bank relies on Nectar's status as the substitute trustee to conclude that Plaintiff could not establish a cause of action against Nectar. Although this Court finds that even if Plaintiff named Nectar as a defendant, he could not maintain a cause of action under either TILA or RESPA, U.S. Bank has not met its burden with respect to the state law claims. The status of the substitute trustee with respect to fraudulent joinder "hinges on the nature of the actions allegedly taken by the trustee, if any, and the type of relief sought against the trustee, if any." *Id.* at 760. In *Payne v. Bank of America*, the Court held that a substitute trustee was properly joined because the plaintiff made extensive factual and legal allegations against the trustee and sought specific relief from the trustee—namely, setting aside a previously conducted foreclosure sale. 2010 U.S. Dist. LEXIS 12076 (W.D. Va. Feb. 11, 2010). Setting aside the foreclosure sale of his home is precisely the sort of relief LaGrant requests from Nectar, and therefore, this Court cannot find that Nectar has been fraudulently joined.

2. Nominal Parties

A related, but not identical, exception to the complete diversity requirement is that of a nominal party. Under this doctrine, a court may disregard nominal parties and find that diversity jurisdiction exists based only upon the citizenship of real parties to the controversy. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case." *Hartford Fire Ins. Co. v. Harleyswill Mut. Ins. Co.*, 736 F.3d

8

255, 260 (4th Cir. 2013) (citing *Shaugnessy v. Pedreiro*, 349 U.S. 48, 54 (1955) (noting that party status is determined by "practical considerations")). Construing the *pro se* Complaint liberally, as this Court must, LaGrant alleges at the very least a fraud claim against Nectar, and also requests that the Court set aside Nectar's foreclosure of his home. Those substantive allegations preclude this Court from finding that Nectar is merely a nominal party, as U.S. Bank has failed to show that under no circumstances could LaGrant succeed on a state claim against Nectar.

The burden is on the party claiming fraudulent or improper joinder to show that a claim could not be established against the non-diverse defendant even after resolving all issues of law and fact in the plaintiff's favor. *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993)). U.S. Bank has not met its burden of proving that there is no possibility that LaGrant would be able to establish a cause of action under state law against Nectar, precluding diversity jurisdiction over LaGrant's supplemental, non-federal claims.

C.  **Supplemental Jurisdiction**

Title 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "Supplemental jurisdiction thus allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). U.S. Bank asserts that this Court has

9

supplemental jurisdiction over "Plaintiff's state law claims [because they] arise from issues common to the TILA and RESPA claims—namely, the origination of the loan, the enforceability of the loan instruments and the foreclosure sale of Plaintiff's property." (Notice of Removal ¶ 7.) The exercise of supplemental jurisdiction is, nevertheless, discretionary; and a federal court is free to decline its exercise of supplemental jurisdiction when, *inter alia*, "the federal basis for an action drops away." *Shanaghan*, 58 F.3d at 109; *see also* 28 U.S.C. § 1367(c) (enumerating grounds to decline exercise of supplemental jurisdiction).

### III. FED. R. CIV. P. 12(b)(6) STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). As noted above, a court ruling on a Rule 12(b)(6) motion must take as true all of the plaintiff's well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff's complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)). The pleadings need not be supported by "detailed factual allegations," but they must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The pleading

10

standard of Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," *id.* at 678, and "while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

When a plaintiff is *pro se*, as in the immediate case, a court must construe the pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To that end, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and internal quotation marks omitted). And "[p]leadings must be construed to do justice." Fed. R. Civ. P. 8(d). Nonetheless, the court may not construct legal arguments that the plaintiff has not presented to the court. *Williams v. Ozmint*, 716 F.3d 801, 810–11 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). At the same time, courts recognize that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007); *Orthmann v. Apple River Campground*, 757 F.2d 909, 915 (7th Cir. 1985); and *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)). The Court is not required to accept a *pro se* plaintiff's legal conclusions that are presented as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable

conclusions, or arguments." *E. Shore Mkts., Inc. v. T.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Iqbal*, 556 U.S. at 678.

Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). The court may, however, consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), as well as documents attached to a motion to dismiss, so long as they are integral to or explicitly relied upon in the complaint, and the authenticity of such documents is not disputed.[4] *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Phillips v. LCI Int'l, Inc.* 190 F.3d 609, 618 (4th Cir. 1999).

## IV. DISCUSSION

### A. Truth in Lending Act Claims Barred by the Statute of Limitations

By passing the Truth in Lending Act ("TILA"), Congress intended "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). "As such, TILA requires that a creditor make certain material disclosures at the time the loan is made." *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 276 (4th Cir. 2012); *see also* 15 U.S.C. § 1638(a). TILA also provides that the borrower may remedy a

---

[4] The Court notes that LaGrant's references to exhibit numbers in his Complaint do not correspond with the documents attached. It is unclear whether his exhibits correspond to the Complaint or his request for a temporary injunction filed in state court, which the Court received with the Notice of Removal. U.S. Bank provided an Addendum to its Motion to Dismiss to clarify its references to Exhibits, purportedly referenced in LaGrant's Complaint. The Court has made every effort to decipher Plaintiff's references to the exhibits to his Complaint.

12

creditor's failure to make required disclosures by seeking rescission of the loan, money damages, or both. *See* 15 U.S.C. §§ 1635(f)-(g), 1640. Here, Plaintiff seeks both.[5]

1. Rescission

Section 1635 of TILA provides the borrower with the right to rescind the loan if the creditor does not comply with the disclosure requirements. *Gilbert*, 678 F.3d at 276; *see also* 15 U.S.C. § 1635(f). This right, however, does not last forever. "Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. ___, 135 S.Ct. 790, 791-92 (2015) (quoting 15 U.S.C. § 1635(f)) (emphasis in original). To exercise the right to rescind, the borrower must notify the creditor in writing of his intent to rescind the loan. *Gilbert*, 678 F.3d at 277; *see also* 12 C.F.R. § 1026.23(a)(2). "[S]o long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." *Jesinoski*, 574 U.S. ___, 135 S.Ct. at 792.

Plaintiff's loan closed on December 14, 2006. Plaintiff neither filed suit, nor alleged that he provided the required written notice of his intent to rescind the transaction within three (3) years of closing. Because Plaintiff's Complaint does not allege he gave the required written notice of his intent to rescind the loan to his creditor by December 14, 2009, his claim for rescission under TILA will be dismissed without prejudice.

---

[5] Plaintiff's loan was originated by Americor, and subsequently assigned with U.S. Bank serving as trustee. Notwithstanding Americor's assignment of the loan, U.S. Bank is a proper party, as, with a few exceptions, any TILA claim existing against the original creditor may be brought against an assignee. *See* 15 U.S.C. 1640.

13

### 2. Monetary Damages

Where a court finds that a creditor has violated TILA disclosure requirements such that rescission would be appropriate, money damages may be awarded in addition to rescission of the transaction. *See* 15 U.S.C. §§ 1635(g), 1640. "Section 1640(e) provides a one-year statute of limitations for the filing of a suit once a violation of [the] TILA has occurred." *Gilbert*, 678 F.3d at 278, *see also* 15 U.S.C. § 1640. Plaintiff alleges that his lender made none of the required disclosures at settlement. Thus, the alleged TILA disclosure violations occurred on December 14, 2006, but Plaintiff did not file suit until November 7, 2014. Plaintiff's claim for money damages under TILA is barred by the statute of limitations, and his claim will be dismissed with prejudice.

To the extent Plaintiff claims that his creditor, or its assignee, did not comply with disclosure requirements under Virginia statutory law, those claims will be remanded for disposition by the state court.

### B. U.S. Bank is Not Loan Servicer under Real Estate Settlement Procedures Act

Plaintiff also seeks recovery under Section 2605(e) of the Real Estate Settlement Procedures Act ("RESPA"), which establishes the duty of loan servicers to respond to borrower inquiries. 12 U.S.C. § 2605(e). To survive Rule 12(b)(6) scrutiny, a plaintiff must allege facts to support that: (1) the defendant is a loan servicer, (2) the plaintiff sent the defendant a valid Qualified Written Request, as statutorily defined, (3) the defendant failed to adequately respond within the statutory period, and (4) the plaintiff is entitled to damages. *See Tieffert v. Equifax Info. Servs., LLC*, 2014 U.S. Dist. LEXIS 175546 (E.D.

14

Va. Dec. 19, 2014); *Bowman v. Vantium Capital, Inc.*, 2014 U.S. Dist. LEXIS 3558, at *9-10 (W.D. Va. Jan. 13, 2014).

U.S. Bank argues, *inter alia*, that Plaintiff's RESPA claim should be dismissed because U.S. Bank is not a loan servicer. The Court agrees. During the period at issue, Plaintiff alleges that Ocwen Loan Servicing, LLC ("Ocwen") serviced Plaintiff's loan for U.S. Bank. Ocwen is not named as a defendant in Plaintiff's Complaint. Nevertheless, with respect to the RESPA claim, Plaintiff seeks a judgment against Ocwen for failing to properly identify the owner of the loan. Plaintiff's RESPA claim fails, as Plaintiff failed to name as a defendant the servicer of his loan. Plaintiff cannot maintain a RESPA claim against U.S. Bank, and this claim will be dismissed.

### C. Supplemental Jurisdiction over State Claims Declined

At its core, this case evolves from the foreclosure and subsequent sale of a Chesterfield County residence, which the homeowner, Plaintiff LaGrant, alleges was wrongfully executed by the trustee and represents the culmination of a series of alleged misrepresentations occurring throughout, and following, the refinancing of his mortgage. The remaining claims hinge on application of the statutory and common law of Virginia. The residual claims will require the interpretation of Virginia tort statutes and those which define the rights and duties of parties with respect to a note secured by a deed of trust—daily tasks in state courts.

Supplemental jurisdiction vests federal courts with "discretion to retain *or* dismiss state law claims when the federal basis for an action drops away." *Shanaghan*, 58 F.3d at 109 (emphasis in original); *see also* 28 U.S.C. § 1367(a). "Recent case law has

emphasized that trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Id.* at 110 (citing *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). After carefully reviewing all the factors that inform the exercise of this discretionary determination under 28 U.S.C. § 1367(c)(3), this Court will decline to retain supplemental jurisdiction over this case. Absent the TILA and RESPA claims, this Court lacks original jurisdiction over this case, as there exists neither federal question nor diversity jurisdiction. Furthermore, none of the remaining issues involve federal policy. Moreover, while it appears Nectar has been served with the state court action, Nectar has not appeared before this Court post-removal. Were this Court to adjudicate the remainder of LaGrant's claims, it could not afford LaGrant complete relief, if appropriate, as one of the named parties is not before the Court. This Court will therefore remand the remainder of this action back to the Circuit Court for Chesterfield County, Virginia, from which it was removed.

## V. CONCLUSION

In sum, the Court finds that LaGrant's claims for rescission and damages under TILA are barred by the statute of limitations, and he likewise cannot recover under Section 2605 of RESPA because U.S. Bank is not a loan servicer as defined in the statute. Accordingly, the Motion to Dismiss will be granted with respect to LaGrant's claims under TILA and RESPA.

Absent the federal claims, the Court lacks original jurisdiction over this matter, as complete diversity does not exist among the parties, and this Court declines to exercise

16

supplemental jurisdiction. Consequently, the remainder of LaGrant's claims will be remanded to the Circuit Court for Chesterfield County, Virginia.

An appropriate Order will accompany this Memorandum Opinion.

                                                /s/
                                  Henry E. Hudson
                                  United States District Judge

Date: March 16, 2015
Richmond, Virginia